## CIRCUIT COURT OF HANOVER COUNTY

Donald H. Thorpe

v.

Edgar Poore

October 13, 2011

Case No. CL09-280

By Judge J. Overton Harris

Before the Court is Defendant's Motion to Compel an Independent Medical Examination of Plaintiff. The Court heard argument on October 12, 2011, and took the matter under advisement. Following thorough review of the pleadings, the memoranda filed by counsel, and the law, the Court finds as follows.

Virginia Supreme Court Rule 4:10 provides, in relevant part, that, "when the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending, upon motion of an adverse party, may order the party to submit to a physical or mental examination by one or more health care providers." The Court is to specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made, and shall fix the time for filing the report and furnishing the copies.

Plaintiff has agreed to submit to an Independent Medical Examination to be performed by Dr. Kennedy Daniels at his office on October 31, 2011, at 11:00 a.m. Defendant is to be responsible for costs associated with the examination.

Plaintiff requests that this Court order that Plaintiff may have a videographer present in the examination room as well as another person of Plaintiff's choosing. The Court finds that due to the limited nature of the patient-physician relationship in the context of a Rule 4:10 examination, Plaintiff is entitled to have a professional videographer present to record the

examination. *See Harris v. Kreutzer*, 271 Va. 188, 201 (2006). The Court considers Defendant's argument that this would interject the adversarial process into the examination of a patient by a healthcare provider. The Court finds this argument unpersuasive in this context. The examination itself is a part of the adversarial process and does not give rise to a duty of care between the examiner and the Plaintiff beyond the most rudimentary, i.e. "to do no harm." The Court also considers Defendant's argument that this may influence the behavior of the Plaintiff during the examination but again finds this argument unpersuasive in this context. Defendant has presented no evidence that Plaintiff's behavior will be unduly influenced by the presence of a videographer or to any extent greater than that arising from the examination itself. Plaintiff is required to provide a copy of such recording to Defendant and is responsible for costs associated with the recording. The Court finds, by agreement, that Plaintiff may also have another person in the examination room such as a spouse, family member, or close personal friend. Such person shall not interfere with the examination in any manner.

As the parties agreed, the physical examination shall consist of visual assessment by the examiner, manual palpation or measurement, if desired by the examiner, and direct questioning by the examiner about the results of in-session physical tests. There will not be any invasive testing, films, nerve conduction studies, or other invasive or painful requirements or stimuli. Plaintiff need not provide any documents, x-rays, MRI films, or any other item to the examiner.

Further, the Court finds that Dr. Daniels shall be limited to asking questions related to the physical exam, which includes questions regarding Plaintiff's medical history. Plaintiff is required to fill out any and all consent forms that may be required by Dr. Daniels as well as any and all medical history forms.

As the parties agreed, neither the examiner nor counsel will be permitted to state, suggest, argue, or imply during the examination, in the report, or at trial that the examination was "independent," nor use that term in connection with the examination since this Court has not selected the examiner.

Defendant is required to file a copy of the examination report and provide a copy to counsel of record for Plaintiff within twenty-one days of completion of the exam. In accordance with Rule 4:10, Dr. Daniels' report shall include findings of the examiner, results of all tests made, diagnosis, and conclusions. Further, Dr. Daniels will be made available for deposition by Plaintiff's counsel upon reasonable notice to Defendant or on a mutually agreeable date available to all counsel and Dr. Daniels.

For the reasons articulated in this letter opinion, the Defendant's Motion to Compel an Independent Medical Examination is granted.